LEVERETT A. CLAPP v. ASAHEL GALLOWAY ET UX.

*Dower—Inchoate right—Land certificate—Compound interest.*

1. An inchoate right of dower in lands covered by a State land certificate that has been assigned as security for a debt cannot be affected by proceedings to enforce the security, if the wife has never disposed of her interest. And her purchase of the right to redeem by taking a subsequent assignment of the certificate from her husband tends to strengthen rather than destroy such right.

2. How. Stat. § 1599, authorizing the compounding of interest, does not apply to unwritten agreements therefor.

Appeal from St. Joseph. (Pealer, J.) Jan. 21.—April 9.

FORECLOSURE bill. Defendant Anna appeals. Decree modified.

*William Sadler* for complainant.

*Henry F. Severens* for defendant appellant.

SHERWOOD, J. On the 1st day of December, 1843, George Galloway purchased of the State, by contract, forty acres of land lying in St. Joseph county, and received of the Commissioner of the State Land-office a certificate therefor, No. 1476. On the 29th of December, 1873, Asahel Galloway was the owner of said certificate, and the interest in the land contracted to be conveyed thereby, and the defendant Anna N. Galloway was his wife. The record shows that a negotiable promissory note, bearing date the same day, was made by the defendants Galloway to the complainant for $600, with interest at ten per cent., due in one year from date, and that on the same day the defendant Asahel Galloway assigned and transferred to the complainant, as security for the payment of said sum of money, said land certificate No. 1476; and complainant claims that the note was made and delivered to him for the same purpose. On the 1st day of January, 1876, Asahel Galloway assigned and transferred to his wife the

said certificate.    On the 23d day of January, 1882, a balance
of the said $600 and interest remaining unpaid, and the
complainant treating the absolute assignment to him of the
certificate as a mortgage, filed his bill for the purpose of col-
lecting the debt, and if necessary to that end, to foreclose
the defendants' rights thereunder.

The bill of complaint, after averring the giving of the
note, and assignment of the certificate as security for the
payment of. the $600, is in the usual form of and substan-
tially the ordinary foreclosure bill.  Defendant Collins Gard-
ner is charged as being a subsequent encumbrancer in some
manner, and is made a party under the usual general aver-
ment for that purpose, and the bill was taken as confessed
against him.    Defendant Asahel Galloway appeared in per-
son, and filed a very brief and informal answer.    He admits
the loaning of the money of complainant for which the note
was given, and the transferring to complainant the said cer-
tificate, and further says that a few days thereafter he sent
the note in question to complainant, and claims he made
nine payments on the note, amounting to the sum of $564.95.
Defendant Anna Galloway appeared in the case by her solici-
tor and made her answer, wherein she says she was never
indebted to the complainant, and that whatever indebtedness
the note represents is that of her husband, and denies her
liability thereon ; that as the wife of Asahel and as assignee
of the land certificate she has an interest therein ; denies the
assignment to complainant of the certificate was made to se-
cure the payment of $600, with interest at ten per cent.; and
avers that after the loan was made and the certificate assigned
to complainant (the rate of interest not having been put in
writing because of its usurious character), he requested and
obtained the note as further and additional security, and in
compliance with such request the note was given ; that the
giving of the note was a separate and independent transac-
tion from that of loaning the money ; admits that the assign-
ment of the certificate was intended as a mortgage, and
denies that there is owing to complainant the amount he
claims upon the land certificate ; and further claims that no

more than seven per cent. interest should be allowed, as there was no written agreement for more than that when the money was loaned and the assignment of the certificate made ; that no more than $575 is owing upon said claim, and for no part of which is she personally or otherwise liable.

The case was heard upon pleadings and proofs before Judge Pealer, who found remaining due upon the note, November 9, 1883, the sum of $906.03, and rendered a decree against Asahel Galloway for that amount, and directed a sale of the land certificate in case defendants failed to make payment. The circuit judge further finds that there is no personal liability of Anna N. Galloway upon the note, and that the complainant holds his lien upon the certificate freed from any dower interest in the land mentioned therein, and that complainant has not lost his lien upon said land, obtained by virtue of the assignment of the certificate made to him by Asahel Galloway, by reason of extensions of time made for payment of money loaned to her husband.

Anna N. Galloway appeals to this Court.

It is difficult to explain some of the proceedings in this case on the part of her husband, on the ground that he is inimical to the interests of the complainant. I shall not attempt herein a review of the testimony in the case. It is enough, perhaps, to say that if a technical view of the pleadings in the case, and of the testimony of the complainant given therein, were taken, it might lead to consequences somewhat embarrassing to the proceedings he has taken, if not disastrous in results. But a different view is regarded as more in accordance with the equities of the parties, and will therefore be allowed to control in the disposition to be made. Under no view of the case can the inchoate right of dower of the appellant in the lands mentioned in the certificate be affected by these proceedings,—she never, voluntarily or otherwise, having disposed of it. Her purchase of the right to redeem would rather tend to strengthen than to destroy it.

I think the preponderance of the evidence is to the effect that the complainant loaned his money to the defendant

Asahel Galloway upon the agreement that Galloway was to pay him for the use thereof at the rate of fifteen per cent. per annum, and agreed to take as security therefor an assignment of said land certificate, which was to be re-assigned when the money was paid; and that as collateral to that agreement the note made by the defendants Galloway to complainant was given. Such being the fact, upon payment of the money loaned and the interest thereon the defendant would be entitled to a re-transfer of the securities given. There never having been any written agreement between the complainant and Asahel Galloway in regard to the interest, the law of 1869, allowing interest on interest, does not apply, and interest can only be allowed at seven per cent. on the actual sum loaned, which we find from the preponderance of the evidence to have been $564.95. All sums of money received by the complainant from either of the defendants Galloway, as interest or principal upon the amount loaned, including also all sums claimed by complainant to have been received by him for extending the time of payment, must be credited to defendants in the computation, and deducted from the amount found to be due complainant. The amounts to be credited, and the times they were severally received, we find correctly stated in Schedule B, attached to the commissioner's report in the case.

It further satisfactorily appearing from the evidence that Anna N. Galloway is the owner of the certificate only as encumbered by such balance found to be due, the complainant must be required to re-assign the same to her or to her legal representative on receiving payment of that sum, and three months will be allowed defendants to make such payment.

The decree of the circuit judge must be modified and entered anew in this Court in accordance with this opinion. Neither party will recover costs at the circuit, but defendant Anna N. Galloway will be permitted to recover costs in this Court.

The other Justices concurred.